UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>U.S. CUSTOMS AND<br>BORDER PROTECTION,<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229,<br><br>and<br><br>U.S. IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536<br><br>*Defendants*. | Case No. 20-cv-2018 |

## **COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and its component agencies, U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement, under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of such information, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Customs and Border Patrol (CBP) is a component of DHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. CBP has possession, custody, and control of the records that Plaintiff seeks.

8. Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS—an agency of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. ICE has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*ICE HSC Analyses FOIA Request*

9. On March 20, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-0638 to DHS and ICE seeking records relating to the agency's response to, and investigation of, the deaths in custody of thirteen specified detainees.

10. Specifically, American Oversight's FOIA request sought the following records:

> Copies of the "Healthcare and Security Compliance Analysis" reports—or equivalent internal procedural compliance analysis—completed by or for ICE Office of Professional Responsibility as part of the detainee death reviews for each of the following individuals who died in custody:
>
> a. Roylan Hernandez-Diaz
> b. Nebane Abienwi
> c. Roberto Rodriguez-Espinoza
> d. Pedro Arriago-Santoya
> e. Yimi Alexis Balderramos-Torres
> f. Simratpal Singh
> g. Abel Reyes-Clemente
> h. Guerman Volkov
> i. Mergensana Amar
> j. Wilfredo Padron
> k. Augustina Ramirez-Arreola
> l. Efrain Romero De La Rosa
> m. Huy Chi Tran

11. American Oversight also stated that it "expect[ed] that this request for a small volume of readily-identifiable documents will be assigned to the Simple track and processed expeditiously."

12. American Oversight requested a fee waiver in connection with the ICE HSC Analyses FOIA.

13. By letter dated March 23, 2020, ICE acknowledged receipt of the ICE HSC Analyses FOIA, assigned it tracking number 2020-ICFO-29000, and granted American Oversight's fee waiver request.

14. By letter dated April 2, 2020, DHS acknowledged receipt of the ICE HSC Analyses FOIA, assigned it tracking number 2020-HQFO-00745, and, "due to the subject matter of [American Oversight's] request, transferred the request to the FOIA Officer for ICE."

15. American Oversight has not received any further communication from ICE or DHS regarding the ICE HSC Analyses FOIA.

*CBP HSC Analyses FOIA Request*

16. Also on March 20, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-0639 to DHS and CBP seeking records relating to the agency's response to, and investigation of, the deaths in custody of six specified detainees within detention centers.

17. Specifically, American Oversight's FOIA request sought the following records:

> Copies of the "Healthcare and Security Compliance Analysis" reports—or equivalent internal procedural compliance analysis—completed by or for CBP Office of Professional Responsibility as part of the detainee death reviews for each of the following individuals who died in custody:
>
> a. Travis James Eckstein
> b. Carlos Hernandez-Vasquez

      c.  Wilmer Josue Ramirez Vasquez
      d.  Nikki Enriquez
      e.  Claudine Ann Luera
      f.  Melissa Ramirez

18. American Oversight also stated that it "expect[ed] that this request for a small volume of readily-identifiable documents will be assigned to the Simple track and processed expeditiously."

19. American Oversight requested a fee waiver in connection with the CBP HSC Analyses FOIA.

20. By letter dated March 23, 2020, CBP acknowledged receipt of the CBP HSC Analyses FOIA, assigned it tracking number CBP-2020-044668, and determined that American Oversight's fee waiver request was "not applicable as the request [was] not billable."

21. By letter dated March 24, 2020, CBP updated its tracking number for the CBP HSC Analyses FOIA to CBP-IA-2020-044668.

22. By email dated March 25, 2020, CBP denied the CBP HSC Analyses FOIA in full, stating the denial was "[b]ased on [e]xemptions."

23. By letter dated April 2, 2020, DHS acknowledged receipt of the CBP HSC Analyses FOIA, assigned it tracking number 2020-HQFO-00747, and, due to "the subject matter of [American Oversight's] request," transferred the request to the FOIA Officer for CBP.

24. By letter dated April 6, 2020, CBP acknowledged receipt of DHS's referral of the CBP HSC Analyses FOIA. CBP assigned this referral request tracking number CBP-2020-046908. CBP also closed the tracking number CBP-2020-046908, as it was a duplicate of the original CBP HSC Analyses Request that American Oversight had submitted directly to CBP on March 20, 2020, and which had originally been assigned tracking number CBP-2020-044668.

25. By letter dated April 29, 2020, pursuant to DHS regulations, American Oversight submitted an administrative appeal to the FOIA Appeals, Policy and Litigation Branch identified in CBP's correspondence, challenging CBP's adverse determination to fully deny the CBP HSC Analyses FOIA due to exemptions. The appeal stated, among other points, that CBP's denial constituted an inadequate administrative determination, since it failed to provide any details of the nature of the agency's search and did not indicate which exemptions CBP applied to the request. A true and correct copy of American Oversight's appeal, which includes copies of the CBP HSC Analyses FOIA and the correspondence referenced above, is attached hereto as Exhibit 1 and incorporated herein. *See* Ex. 1.

26. By letter dated June 10, 2020, CBP responded to American Oversight's appeal, stating that CBP and the Office of Professional Responsibility (OPR) had conducted the initial search for records and had applied FOIA Exemption (b)(7)(A) in denying the request. Additionally, CBP stated that it was not in possession of responsive case files, as the files were "part of open and pending investigations" undertaken by the DHS Office of the Inspector General (OIG). CBP suggested that American Oversight direct its request to main DHS, though American Oversight had initially done so. A true and correct copy of CBP's response to American Oversight's appeal is attached hereto as Exhibit 2 and incorporated herein. *See* Ex. 2.

27. American Oversight has not received any further communication from ICE or DHS regarding the CBP HSC Analyses FOIA.

*CRCL Timelines FOIA Request*

28. On June 10, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-1450 to DHS and ICE seeking timelines submitted to the DHS Office

of Civil Rights and Civil Liberties (CRCL) of the deaths of twenty-six specified detainees while in DHS custody.

28. Specifically, American Oversight's request sought the following records:

Timelines of events submitted to the DHS Office of Civil Rights and Civil Liberties as part of the death notification process for each of the following individuals:

a. Gourgen Mirimanian
b. Ronal Francisco Romero
c. Huy Chi Tran
d. Efraín Romero de la Rosa
e. Augustina Ramirez-Arreola
f. Wilfredo Padron
g. Guerman Volkov
h. Abel Reyes-Clemente
i. Simratpal Singh
j. Yimi Alexis Balderramos-Torres
k. Pedro Arriago-Santoya
l. Roberto Rodriguez-Espinoza
m. Nebane Abienwi
n. Roylan Hernandez-Diaz
o. Anthony Oluseye Akinyemi
p. Samuelino Mavinga
q. Ben James Owen
r. Alberto Hernandez-Fundora
s. David Hernandez-Colula
t. Maria Celeste Ochoa-Yoc De Ramirez
u. Orlan Ariel Carcamo-Navarro
v. Ramiro Hernandez-Ibarra
w. Carlos Ernesto Escobar-Mejia
x. Óscar López Acosta
y. Choung Woong Ahn
z. Santiago Baten-Oxlaj

29. American Oversight sought all responsive records from April 1, 2018, through the date the search was conducted.

30. American Oversight requested a fee waiver in connection with the CRCL Timelines FOIA Request.

31. American Oversight included as an exhibit an example of the type of timeline document sought by the CRCL Timelines FOIA.

29. By letter dated June 12, 2020, DHS acknowledged receipt of the CRCL Timelines FOIA, assigned it tracking number 2020-HQFO-01263, and conditionally granted American Oversight's fee waiver request.

30. Also by letter dated June 12, 2020, ICE acknowledged receipt of the CRCL Timelines FOIA and assigned it tracking number 2020-ICFO-52787.

31. American Oversight has not received any further communication from DHS or CBP regarding the CRCL Timelines FOIA.

*CRCL Complaints FOIA Request*

32. On June 10, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-1451 to DHS and ICE seeking records relating to the agency's internal review process of the deaths in custody of twenty-six specified detainees within detention centers.

32. Specifically, American Oversight's FOIA requests sought the following records:

> Complaints issued by the DHS Office of Civil Rights and Civil Liberties (CRCL) in response to information submitted by ICE as part of the death notification process for each of the following individuals:
>
> a. Gourgen Mirimanian
> b. Ronal Francisco Romero
> c. Huy Chi Tran
> d. Efraín Romero de la Rosa
> e. Augustina Ramirez-Arreola
> f. Wilfredo Padron
> g. Guerman Volkov
> h. Abel Reyes-Clemente
> i. Simratpal Singh
> j. Yimi Alexis Balderramos-Torres
> k. Pedro Arriago-Santoya

    l. Roberto Rodriguez-Espinoza
    m. Nebane Abienwi
    n. Roylan Hernandez-Diaz
    o. Anthony Oluseye Akinyemi
    p. Samuelino Mavinga
    q. Ben James Owen
    r. Alberto Hernandez-Fundora
    s. David Hernandez-Colula
    t. Maria Celeste Ochoa-Yoc De Ramirez
    u. Orlan Ariel Carcamo-Navarro
    v. Ramiro Hernandez-Ibarra
    w. Carlos Ernesto Escobar-Mejia
    x. Óscar López Acosta
    y. Choung Woong Ahn
    z. Santiago Baten-Oxlaj

33. American Oversight requested all responsive records from April 1, 2018, through the date the search was conducted.

34. American Oversight requested a fee waiver in connection with the CRCL Complaints FOIA.

35. American Oversight included as an exhibit an example of a complaint issued by CRCL.

36. By letter dated June 12, 2020, DHS acknowledged receipt of the CRCL Complaints FOIA, assigned it tracking number 2020-HQFO-01263, and conditionally granted American Oversight's fee waiver request.

37. By letter dated June 15, 2020, ICE acknowledged receipt of the CRCL Complaints FOIA and assigned it tracking number 2020-ICFO-53489.

American Oversight has not received any further communication from DHS or CBP regarding the CRCL Complaints FOIA.

*IHSC Mortality Reviews FOIA Request*

38. Also on June 10, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-1452 to DHS and ICE seeking copies of the final mortality review reports completed by ICE Health Service Corps (IHSC) for the deaths in custody of twenty-six specified detainees.

39. Specifically, American Oversight's FOIA requests sought the following records:

> Final copies of the "Mortality Review – Report of Findings" completed by ICE Health Service Corps for each of the following individuals:
>
> a. Gourgen Mirimanian
> b. Ronal Francisco Romero
> c. Huy Chi Tran
> d. Efraín Romero de la Rosa
> e. Augustina Ramirez-Arreola
> f. Wilfredo Padron
> g. Guerman Volkov
> h. Abel Reyes-Clemente
> i. Simratpal Singh
> j. Yimi Alexis Balderramos-Torres
> k. Pedro Arriago-Santoya
> l. Roberto Rodriguez-Espinoza
> m. Nebane Abienwi
> n. Roylan Hernandez-Diaz
> o. Anthony Oluseye Akinyemi
> p. Samuelino Mavinga
> q. Ben James Owen
> r. Alberto Hernandez-Fundora
> s. David Hernandez-Colula
> t. Maria Celeste Ochoa-Yoc De Ramirez
> u. Orlan Ariel Carcamo-Navarro
> v. Ramiro Hernandez-Ibarra
> w. Carlos Ernesto Escobar-Mejia
> x. Óscar López Acosta
> y. Choung Woong Ahn
> z. Santiago Baten-Oxlaj

40. By letter dated June 12, 2020, ICE acknowledged receipt of the IHSC Mortality Reviews FOIA, assigned it tracking number 2020-ICFO-52818, and conditionally granted American Oversight's fee waiver request.

41. American Oversight has not received any further communication from DHS or ICE regarding the IHSC Mortality Reviews FOIA.

*Investigation Reports FOIA Request*

42. Also on June 10, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-1453 to DHS and ICE seeking investigation report forms completed following the deaths in custody of twenty-six specified detainees.

43. Specifically, American Oversight's FOIA requests sought the following records:

> Copies of Investigation Report Forms or equivalent postmortem compliance analyses completed by contractors operating ICE facilities for each of the following individuals:
>
> a. Gourgen Mirimanian
> b. Ronal Francisco Romero
> c. Huy Chi Tran
> d. Efraín Romero de la Rosa
> e. Augustina Ramirez-Arreola
> f. Wilfredo Padron
> g. Guerman Volkov
> h. Abel Reyes-Clemente
> i. Simratpal Singh
> j. Yimi Alexis Balderramos-Torres
> k. Pedro Arriago-Santoya
> l. Roberto Rodriguez-Espinoza
> m. Nebane Abienwi
> n. Roylan Hernandez-Diaz
> o. Anthony Oluseye Akinyemi
> p. Samuelino Mavinga
> q. Ben James Owen
> r. Alberto Hernandez-Fundora
> s. David Hernandez-Colula
> t. Maria Celeste Ochoa-Yoc De Ramirez
> u. Orlan Ariel Carcamo-Navarro
> v. Ramiro Hernandez-Ibarra

      w. Carlos Ernesto Escobar-Mejia
      x. Óscar López Acosta
      y. Choung Woong Ahn
      z. Santiago Baten-Oxlaj

44. American Oversight sought all responsive records from April 1, 2018, through the date the search was conducted.

45. American Oversight included as an exhibit an example of the type of report sought by the Investigation Reports FOIA.

46. By letter dated June 12, 2020, ICE acknowledged receipt of the Investigation Reports FOIA, assigned it tracking number 2020-ICFO-52830, and conditionally granted American Oversight's fee waiver request.

47. American Oversight has not received any further communication from DHS or ICE regarding the Investigation Reports FOIA.

*Contractor Mortality Reviews FOIA Request*

48. Also on June 10, 2020, American Oversight submitted a FOIA request bearing internal tracking number DHS-20-1454 to DHS and ICE seeking copies of Mortality of Detainee Death Reviews completed by contractors for the deaths in custody of twenty-six specified detainees.

49. Specifically, American Oversight's FOIA requests sought the following records;

> Copies of Mortality Reviews, Detainee Death Reviews, or equivalent postmortem compliance analyses completed by contractors providing medical services at ICE facilities for each of the following individuals:
>
>     a. Gourgen Mirimanian
>     b. Ronal Francisco Romero
>     c. Huy Chi Tran
>     d. Efraín Romero de la Rosa
>     e. Augustina Ramirez-Arreola
>     f. Wilfredo Padron

      g.  Guerman Volkov
      h.  Abel Reyes-Clemente
      i.  Simratpal Singh
      j.  Yimi Alexis Balderramos-Torres
      k.  Pedro Arriago-Santoya
      l.  Roberto Rodriguez-Espinoza
      m.  Nebane Abienwi
      n.  Roylan Hernandez-Diaz
      o.  Anthony Oluseye Akinyemi
      p.  Samuelino Mavinga
      q.  Ben James Owen
      r.  Alberto Hernandez-Fundora
      s.  David Hernandez-Colula
      t.  Maria Celeste Ochoa-Yoc De Ramirez
      u.  Orlan Ariel Carcamo-Navarro
      v.  Ramiro Hernandez-Ibarra
      w.  Carlos Ernesto Escobar-Mejia
      x.  Óscar López Acosta
      y.  Choung Woong Ahn
      z.  Santiago Baten-Oxlaj

50. American Oversight sought all responsive records from April 1, 2018, through the date the search was conducted.

51. American Oversight included as an exhibit to its request the type of detainee death review sought by the Contractor Mortality Reviews FOIA.

52. By letter dated June 12, 2020, DHS acknowledged receipt of the Investigation Reports FOIA, assigned it tracking number 2020-HQFO-01263, and conditionally granted American Oversight's fee waiver request.

53. By letter dated June 12, 2020, ICE acknowledged receipt of the Investigation Reports FOIA and assigned it tracking number 2020-ICFO-52838.

54. American Oversight has not received any further communication from DHS or ICE regarding the Contractor Mortality Reviews FOIA.

*Exhaustion of Administrative Remedies*

28. With respect to American Oversight's CBP HSC Analyses FOIA Request, following CBP denial in full of the request due to exemptions, Plaintiff timely filed an appeal challenging this determination for failure to identify the specific exemptions applied. CBP subsequently issued a final determination as to American Oversight's CBP HSC Analyses FOIA Request.

29. With respect to the ICE HSC Analyses FOIA Request, the CRCL Timelines Reports FOIA Request, the CRCL Complaints FOIA Request, the IHSC Mortality Reviews FOIA Request, the Investigation Reports FOIA Request, and the Contractor Mortality Reviews FOIA Request, as of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

30. Through CBP's final determination on American Oversight's CBP HSC Analyses FOIA Request and corresponding administrative appeal, and through Defendants' failure to respond to American Oversight's ICE HSC Analyses FOIA Request, CRCL Timelines Reports FOIA Request, CRCL Complaints FOIA Request, IHSC Mortality Reviews FOIA Request, Investigation Reports FOIA Request, and Contractor Mortality Reviews FOIA Request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

31. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32. Plaintiff properly requested records within the possession, custody, and control of Defendants.

33. Defendants are agencies subject to FOIA and therefore must make reasonable efforts to search for requested records.

34. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

35. Defendants' failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

36. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

37. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38. Plaintiff properly requested records within the possession, custody, and control of Defendants.

39. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

40. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

41. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA request.

42. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

43. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 23, 2020

Respectfully submitted,

*/s/ Khahilia Shaw*
Khahilia Shaw, D.C. Bar No. 1616974

*/s/ Hart Wood*
Hart Wood, D.C. Bar No. 1034361

American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(202) 539-6507
khahilia.shaw@americanoversight.org
hart.wood@americanoversight.org

*Counsel for Plaintiff*